**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joe Cuen, | No. CV-17-02852-PHX-JAT (ESW) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

**TO THE HON. JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Joe Cuen's ("Petitioner") "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus" (the "Petition") (Doc. 1). After reviewing the parties' briefing (Docs. 1, 11, 13, 14), the undersigned recommends that the Court dismiss the Petition with prejudice.

**I.  DISCUSSION**

**A.  Background**

The Petition states that Petitioner is challenging his sexual assault conviction in a case initiated in the Superior Court of Arizona in 2011, Case No. CR2011-008083-001 (referred to herein as the "2011 Case"). (Doc. 1 at 1). The sexual assault occurred in

1993. (Doc. 11-1 at 176). In 2006, police linked Petitioner to the assault by matching DNA from semen found on the victim's jeans to Petitioner's DNA that was obtained in conjunction with Petitioner's prior felony convictions in 2004 and 2005. (*Id.*). Those convictions were vacated in 2007. (*Id.*). Petitioner moved to suppress the DNA evidence in the 2011 Case on the ground that it was "illegally obtained because it was collected as a result of the 2004 and 2005 convictions that were vacated in 2007." (*Id.*). The trial court denied the motion. (*Id.* at 111-13, 176).

In 2012, an additional DNA sample was taken from Petitioner, which confirmed that Petitioner's DNA matched the DNA from the semen found on the victim's jeans in the 1993 assault. (*Id.* at 176). Petitioner filed a motion to suppress this DNA evidence, which the trial court denied. (*Id.* at 111-13, 176).

After trial in the 2011 Case, a jury found Petitioner guilty on the sexual assault charge. (*Id.* at 177). The trial court sentenced Petitioner to a 10.5 year prison term. (*Id.*). The Arizona Court of Appeals affirmed Petitioner's conviction and sentence on June 20, 2017. (*Id.* at 176-78).

On August 23, 2017, Petitioner timely initiated this federal habeas proceeding. (Doc. 1). As detailed in the Court's September 7, 2017 Order, the Petition presents three grounds for habeas relief that allege a violation of Petitioner's Fourth Amendment rights:

> In Ground One, he alleges that the State violated his Fourth Amendment rights when it conceded that it lacked jurisdiction in CR2004-133867 and CR2005-011654 to collect and disseminate his DNA to CODIS and where his DNA in CODIS connected him to the offenses in CR2011-008083. In Ground Two, Petitioner alleges that the director of the DPS failed to protect Petitioner's Fourth Amendment rights by disseminating and storing an incorrect criminal history for Petitioner and posted flyers that mischaracterized Petitioner's public risk as a sex offender. In Ground Three, he alleges that the DPS has failed to protect his Fourth Amendment rights by not challenging the State's claim to match his DNA through CODIS, which the State had "already admittedly expunged via 'concession of error.'"

(Doc. 6 at 3-4).[1]

### B. Analysis

"The Fourth Amendment, binding on the States by the Fourteenth Amendment, provides that [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." *Maryland v. King*, 133 S.Ct. 1958, 1968 (2013) (internal quotation marks omitted) (alteration in original). Under a judicially created doctrine known as the "exclusionary rule," evidence obtained by police officers in violation of the Fourth Amendment is excluded at trial. *Stone v. Powell*, 428 U.S. 465, 482 (1976). "Exclusion is 'not a personal constitutional right,' nor is it designed to 'redress the injury' occasioned by an unconstitutional search. The rule's sole purpose, we have repeatedly held, is to deter future Fourth Amendment violations." *Davis v. United States*, 131 S.Ct. 2419, 2426 (2011).

In *Stone*, 428 U.S. at 494, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." The Court did not find that the exclusionary rule's deterrent effect would be materially diminished if Fourth Amendment claims could not be raised in a federal habeas proceeding. *Id*. The Court further found that even if there was an additional incremental deterrent effect, it would be outweighed by "costs to other values vital to a rational system of criminal justice." *Id*. Thus, in reviewing a federal habeas petitioner's Fourth Amendment claim, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). In determining whether there was a full and fair opportunity for litigation of a habeas petitioner's Fourth Amendment claim, courts

---

[1] The Petition is written on the court-approved form. In the space after the printed "Ground Four" section, Petitioner wrote "See attached supplemental." (Doc. 1 at 9). The supplement attached to the Petition reiterates his claim that his Fourth Amendment rights were violated by the failure to suppress the DNA evidence in the 2011 Case. (*Id.* at 12-15).

have considered "the extent to which the claims were briefed before and considered by the state trial and appellate courts." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1178-79 (9th Cir. 1990).

Here, as mentioned, Petitioner filed motions to suppress the DNA evidence collected prior to and in connection with the 2011 Case. (Doc. 11-1 at 176). After holding oral argument, the trial court denied both motions. (*Id.* at 78-88, 176). In his direct appeal, Petitioner argued that the use of his DNA sample constituted an unreasonable search and seizure of his Fourth Amendment rights. (Doc. 11-1 at 177). The Arizona Court of Appeals rejected the claim, explaining that "[t]he collection and maintenance of DNA records as a consequence of a felony conviction is permissible under the Fourth Amendment as 'no more than an extension of methods of identification long used in dealing with persons under arrest.'" (*Id.*) (quoting *Maryland v. King*, 133 S.Ct. at 1977).

Petitioner does not dispute that he received a full and fair opportunity to litigate his Fourth Amendment claims before the trial court. *See Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986) ("All *Stone v. Powell* requires is the initial opportunity for a fair hearing. . . . Such an opportunity for a fair hearing forecloses this court's inquiry, upon habeas corpus petition, into the trial court's subsequent course of action, . . . including whether or not the trial court has made express findings of fact.") (citations omitted). The record does not reveal "circumstances that imply refusal by the state judiciary to take seriously its obligation to adjudicate claims under the fourth amendment." *Miranda v. Leibach*, 394 F.3d 984, 998 (7th Cir. 2005). The Arizona Court of Appeals did not "ignore" Petitioner's Fourth Amendment claim presented on appeal. *See Lawhorn v. Allen*, 519 F.3d 1272, 1288 (11th Cir. 2008) ("A claim argued at trial and on appeal but 'ignored' by the state appellate court has not received full and fair consideration, and our consideration of it is thus not barred by *Stone*.").

The undersigned finds that Petitioner's arguments supporting his claims for habeas relief "go[] not to the fullness and fairness of the opportunity to litigate the claim[s], but

- 4 -

to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant." *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994); *see also Mack v. Cupp*, 564 F.2d 898, 902 (9th Cir. 1977) ("[T]he court's mistaken recitation of the facts, even assuming arguendo that it resulted in an incorrect decision, is not enough in and of itself to establish that Mack's claims were not fully and fairly considered."); *Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015) (finding habeas claim barred under *Stone* that was based on the argument that the state appellate court wrongly decided petitioner's Fourth Amendment claim).

The Ninth Circuit has "read Stone as a categorical limitation on the applicability of fourth amendment exclusionary rules in habeas corpus proceedings." *Woolery v. Arave*, 8 F.3d 1325, 1328 (9th Cir. 1993) (citations omitted)). Because a "Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court," it is recommended that the Court dismiss the Petition. *Ortiz–Sandoval*, 81 F.3d at 899.

## II. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find it debatable whether the Court was correct in its procedural ruling.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the

objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 29th day of March, 2018.

_____
Eileen S. Willett
United States Magistrate Judge