**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Cuen, | No. CV-17-02852-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is the Report and Recommendation (R&R) from the Magistrate Judge recommending that the Petition in this case be denied and dismissed with prejudice. (Doc. 16). Petitioner has objected to the R&R. (Doc. 17). Respondent has replied to the objection. (Doc. 18).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are

not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

In the R&R, the Magistrate Judge recounted the factual and procedural history of this case. (Doc. 16 at 1-2). Neither party objected to this summary and the Court hereby accepts it.

The R&R quotes this Court's prior order summarizing Petitioner's claims in this case as follows:

> In Ground One, he alleges that the State violated his Fourth Amendment rights when it conceded that it lacked jurisdiction in CR2004-133867 and CR2005-011654 to collect and disseminate his DNA to CODIS and where his DNA in CODIS connected him to the offenses in CR2011-008083. In Ground Two, Petitioner alleges that the director of the DPS failed to protect Petitioner's Fourth Amendment rights by disseminating and storing an incorrect criminal history for Petitioner and posted flyers that mischaracterized Petitioner's public risk as a sex offender. In Ground Three, he alleges that the DPS has failed to protect his Fourth Amendment rights by not challenging the State's claim to match his DNA through CODIS, which the State had "already admittedly expunged via 'concession of error.'" [citation omitted] [Footnote: The Petition is written on the court-approved form. In the space after the printed "Ground Four" section, Petitioner wrote "See attached supplemental." (Doc. 1 at 9). The supplement attached to the Petition reiterates his claim that his Fourth Amendment rights were violated by the failure to suppress the DNA evidence in the 2011 Case. (*Id*. at 12- 15).].

(Doc. 16 at 2-3).

Thus, in summary, Petitioner raises only Fourth Amendment claims about the collection and use of his DNA evidence.

> A Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court. *Stone v. Powell,* 428 U.S. 465, 481–82 (1976). The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided. *Gordon v. Duran,* 895 F.2d 610, 613 (9th Cir. 1990); *Locks v. Sumner,* 703 F.2d 403, 408 (9th Cir.), *cert. denied,* 464 U.S. 933 (1983).

*Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996), *as amended* (May 8, 1996).

In his objections, Petitioner does not dispute that he had a full and fair opportunity

to litigate whether his DNA was properly collected in state court. Further, the record shows that the R&R is correct that Petitioner in fact did fully litigate this issue. Petitioner moved to suppress the DNA evidence, which the trial court denied. (Doc. 11 at 3, 7-9).[1] Petitioner appealed the trial court's ruling; and, the Arizona Court of Appeals affirmed the trial court's denial of the motion to suppress. (Doc. 11 at 10-11).

Nothing in Petitioner's objections (which are primarily focused on the merits of his Fourth Amendment challenges) overcomes the R&R's conclusion that Petitioner's claims in this case are not cognizable as federal habeas claims because he had a full and fair opportunity to litigate the claims in state court. Therefore, the Petition will be denied.

Based on the foregoing,

**IT IS ORDERED** that the R&R (Doc. 16) is accepted; the objections are overruled; the Petition is denied and dismissed, with prejudice; and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 29th day of May, 2018.

James A. Teilborg
Senior United States District Judge

---

[1] Petitioner made several other efforts in state court to challenge the trial court's ruling. (Doc. 11-1 at 118-120).